OPINION
{¶ 1} This is an appeal by defendant-appellant, Scott A. Powers, from a judgment of the Franklin County Court of Common Pleas, following a jury trial in which appellant was found guilty of burglary and possession of criminal tools.
 {¶ 2} On January 28, 2005, appellant was indicted on one count of burglary, in violation of R.C. 2911.12, and one count of possessing criminal tools, in violation of R.C. 2923.24. The indictment arose out of an incident on January 18, 2005, when officers responded to a reported burglary at an apartment on Hiawatha Street, Columbus, Ohio.
 {¶ 3} The matter came for trial before a jury beginning on June 27, 2005. The first witness for the state was Linda Sue Garner, who resides in an apartment at 2927 Hiawatha Street. On the evening of January 18, 2005, at approximately 8:00 p.m., Garner was alone in her apartment when she heard someone knock on her front door. Garner did not answer, and she then heard someone knocking at the back door. Garner was nervous about someone being at the back door, and she called the police. An officer arrived and looked around the outside of Garner's residence and then left the area.
 {¶ 4} Approximately 20 minutes later, Garner heard a vehicle pull up, accompanied by the creaking sound of a car door. Garner recalled hearing that same creaking sound on a prior occasion, approximately one month earlier, when appellant, who was a friend of Garner's brother, had been to her apartment. At that time, Garner had told appellant it was not appropriate for him to come over to her residence.
 {¶ 5} Garner again heard knocking on her front and back door, as well as the bathroom window of her residence, and she made another 911 call and spoke with an operator. Garner then went into a bedroom, locked the door, and hid under the bed while remaining on the line with the 911 operator.
 {¶ 6} Garner next heard someone kicking in the back door, followed by the sound of someone rifling through and tossing items in the residence. Garner told the operator that she thought appellant was in the apartment. Garner eventually became aware of the fact that two individuals had entered the residence. The intruders eventually kicked in the bedroom door, and, from under her bed, Garner observed one individual with white tennis shoes and another individual wearing brown work shoes; she also thought both individuals were wearing jeans. The intruders rifled through a closet and then left the bedroom. Garner remained on the phone until the operator informed her the police were about to enter her apartment.
 {¶ 7} A short time later, police officers arrived, and the officers later brought some items into the house that had been taken outside, including a jewelry box and a square game box belonging to Garner. Other items had been piled in Garner's living room, apparently ready to be removed from the residence. Garner told the police officers that she believed appellant was one of the intruders.
 {¶ 8} At trial, the jury heard a tape of the 911 calls made by Garner that evening. On the tape, the operator asked if she knew who might be in the residence and Garner responded: "Scott Powers." (Tr. at 33.)
 {¶ 9} Columbus Police Officer William Lang was on duty on January 18, 2005, and he responded to a dispatch reporting a burglary on Hiawatha Street. As Officer Lang approached Garner's apartment, he observed a silhouette of an individual walking from Garner's residence to a truck, followed by the sound of someone dropping something into the truck; he then observed a female walking away from the truck and heading back toward the residence.
 {¶ 10} Officer Lang got out of his cruiser, approached the woman and asked her for identification. The woman pulled out several identification cards, including an expired driver's license depicting appellant, who she said was her boyfriend. The officer noted that the woman was intoxicated. Officer Lang later learned that the woman's name was Catherine Lilly.
 {¶ 11} At about that time, Columbus Police Officer Jack Addington arrived at the scene in plain clothes, and he observed Officer Lang talking to a female. As Officer Addington was standing near the door of Garner's apartment, a male exited the residence; Officer Addington yelled at the man, who then took off running. Officers Lang and Addington chased after the man, and eventually apprehended and handcuffed him. At trial, Officer Lang identified appellant as the individual arrested that evening. Appellant was wearing white tennis shoes, a long black leather coat, and he had a pair of gloves that contained tiny penlights on each of the index fingers. The officers also recovered a jewelry box in the snow, and Officer Addington found a flashlight along the route where he had chased appellant. When Officer Lang returned to the apartment, the female and the truck were gone.
 {¶ 12} Columbus Police Officer Ron Haynes also responded to the dispatch of a burglary on January 18, 2005. While en route, he observed a Chevy pick-up truck with a ladder rack. Realizing it was probably the suspect vehicle, Officer Haynes stopped the truck. The driver, Catherine Lilly, refused to get out, and Officer Haynes had to physically remove her from the truck. The officer recovered a wooden checkerboard box from the bed of the truck.
 {¶ 13} Following deliberations, the jury returned verdicts finding appellant guilty of both counts. On June 28, 2005, the trial court conducted a sentencing hearing. By judgment entry filed June 30, 2005, the trial court sentenced appellant to a seven-year term of incarceration on the burglary count, and a one-year term of incarceration on the possession of criminal tools count, with the sentences to run concurrently.
 {¶ 14} On appeal, appellant sets forth the following three assignments of error for review:
I. THE TRIAL COURT COMMITTED PLAIN ERROR IN ADMITTING INADMISSIBLE EVIDENCE FROM PROSECUTION WITNESSES ON DIRECT EXAMINATION, INCLUDING EVIDENCE OBTAINED THROUGH LEADING QUESTIONS, HEARSAY EVIDENCE, WITNESS STATEMENTS MADE WITHOUT PERSONAL KNOWLEDGE, AND THE OPINION TESTIMONY OF A LAY PERSON, ALL IN VIOLATION OF THE OHIO RULES OF EVIDENCE. * * * THEREBY DEPRIVING APPELLANT OF HIS RIGHT TO A FAIR TRIAL GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
II. PROSECUTING ATTORNEY'S REMARKS DURING CLOSING ARGUMENTS CONSTITUTED PROSECUTORIAL MISCONDUCT IN PLAIN ERROR WHICH DEPRIVED THE APPELLANT OF A FAIR TRIAL IN VIOLATION OF THEFOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION.
III. THE FAILURES OF APPELLANT'S TRIAL COUNSEL CONSTITUTED INEFFECTIVE ASSISTANCE, THEREBY DEPRIVING THE APPELLANT OF HIS RIGHTS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION.
 {¶ 15} Under the first assignment of error, appellant contends the trial court committed plain error by allowing inadmissible evidence in the form of leading questions and hearsay testimony. More specifically, appellant contends inadmissible evidence was introduced during the direct examination of Garner and Columbus Police Officers Lang and Addington.
 {¶ 16} Appellant acknowledges that defense counsel did not challenge the testimony at issue, and, therefore, this court's review is plain error. Plain error will not be found unless, but for such error, the outcome of the trial clearly would have been otherwise. State v. Long (1978), 53 Ohio St.2d 91, 97.
 {¶ 17} Appellant first argues that the trial court improperly permitted the prosecution to ask leading questions during the direct examination of Garner. Appellant cites the following questions by the prosecutor to Garner: "How did you know someone was at the door? What were they doing? Ringing the bell?" (Tr. at 16.) Appellant also cites the prosecutor's question: "Who did you say you thought was in * * * they came around?" (Tr. at 21.)
 {¶ 18} In general, "[l]eading questions involve the questioner instructing the witness how to answer or putting words into the witness' mouth to be echoed back." State v. Jordan
(Dec. 19, 2000), Franklin App. No. 00AP-414.
 {¶ 19} Even assuming that some of the above questions were objectionable as leading, we find no prejudice, as the information elicited was already in evidence. See State v.Cosolis, Franklin App. No. 01AP-1070, 2002-Ohio-4302, at ¶ 74 (although question to detective may have been leading, where detective had already given similar testimony, defendant failed to demonstrate prejudice). In the instant case, the record indicates Garner had previously testified that someone had been at the front door and that she thought it was appellant because she recognized the creaking sound of the car door.
 {¶ 20} Appellant further argues that the prosecutor improperly attempted to rehabilitate Garner's testimony regarding the clothing worn by the perpetrators. However, this challenged testimony, which defense counsel did not object to, was made on re-direct examination in response to defense counsel's inquiry about the clothing. Viewed in context, no plain error resulted from this line of inquiry.
 {¶ 21} Appellant's final challenge to Garner's testimony involves her answers to several questions by the trial court. Appellant maintains that Garner's answers were not based upon personal knowledge or were non-responsive. A review of the record indicates that the trial court cut short Garner's testimony when she stated: "It was later that I learned." (Tr. at 46.) The trial court admonished Garner to "just answer the question," and Garner did not elaborate on what she later learned. (Tr. at 46.) Trial counsel did not request a cautionary instruction, and we find no plain error.
 {¶ 22} Appellant also argues that Officer Lang gave non-responsive answers that conveyed to the jury appellant was taken into custody in violation of his presumption of innocence. Specifically, in response to an inquiry about what happened to the black leather jacket and gloves, Officer Lang responded: "I believe it's with his property when he was slated into jail, but I am not really sure." (Tr. at 62.) Appellant has failed to show prejudice. At the time of this response, the jury was already aware appellant was placed under arrest after fleeing the officers. In addition, the trial court later instructed the jury regarding the presumption of innocence.
 {¶ 23} Finally, appellant argues that the prosecution was allowed to ask a leading question of Officer Addington regarding whether "it appeared" to the officer that the flashlight found in the snow had been recently placed there.
 {¶ 24} Generally, leading questions should not be used on direct examination, but a trial court has authority, under Evid.R. 611(A), to exercise reasonable control over the mode of interrogation. Jordan, supra. Thus, "[a]llowing the use of leading questions on direct examination is within the sound discretion of the trial court." State v. Jackson (Apr. 14, 1993), Lorain App. No. 92CA005383.
 {¶ 25} In the present case, prior to the question at issue, the jury heard testimony that the officers recovered a flashlight lying on top of the snow in the area where they had pursued appellant, and the flashlight was offered into evidence and identified by Officer Addington. Arguably, Officer Addington's testimony regarding the flashlight was based upon his firsthand observation of the conditions at the time. However, even assuming error by the trial court in permitting the form of the prosecutor's question at issue, we cannot conclude that, but for the error, the outcome of the trial would have been different, and, therefore, we find no plain error.
 {¶ 26} Based upon the foregoing, appellant's first assignment of error is overruled.
 {¶ 27} Under his second assignment of error, appellant argues that remarks by the prosecution during closing argument deprived him of a fair trial.
 {¶ 28} Under Ohio law, the test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and, if so, whether such comments and remarks prejudicially affected the substantial rights of the accused. State v. Ball,
Licking App. No. 2005CA107, 2006-Ohio-3317, at ¶ 26. In considering allegations of prosecutorial misconduct, a reviewing court's duty is to consider the complained of conduct in the context of the entire trial. Id.
 {¶ 29} Appellant first challenges the following comment by the prosecutor during closing argument: "Sometimes when you are with a case for a while you remember things that maybe weren't introduced or things that came out differently. Rely on your own memory and don't hold it against me if I say something incorrect on that." (Tr. at 109.) Appellant argues that the effect of the comment was to improperly suggest the prosecutor had information that was not introduced.
 {¶ 30} We find appellant's argument unpersuasive. The challenged statement does not reference any specific evidence, and a review of the record indicates the prosecutor was merely telling the jurors to rely on their own memories of the evidence presented rather than the prosecutor's perception of the evidence. Further, in the subsequent jury instructions, the trial court admonished the jurors that the evidence did not include opening or closing arguments of counsel.
 {¶ 31} Appellant next challenges the prosecutor's remark that there are "inconsistencies in every case." (Tr. at 113.) There was no objection to this comment, and we do not find plain error. At the time of the comment, the prosecutor was seeking to explain inconsistencies regarding the victim's account of the clothing she observed on the two individuals while she was hiding under the bed, and the clothing worn by appellant and Lilly on the night of the events. In context, we do not view the prosecutor's remark as tantamount to imploring the jury to disregard any testimonial inconsistencies.
 {¶ 32} Appellant also argues that the prosecutor engaged in misconduct by stating: "Sometimes we don't have overwhelming evidence. Sometimes we do." (Tr. at 114.) However, contrary to appellant's contention, the prosecutor did not use information from other cases, nor do we find prejudice resulting from this comment.
 {¶ 33} Finally, appellant contends the prosecutor impermissibly commented on the flashlight found near the crime scene because no one testified as to the use of a flashlight. As previously noted, however, there was evidence before the jury that a flashlight was found at the scene. In this respect, the prosecution is afforded considerable latitude in closing argument, and a prosecutor may comment upon the testimony and other evidence, and may suggest reasonable inferences to be drawn thereon. State v. Carson, Franklin App. No. 05AP-13, 2006-Ohio-2440, at ¶ 56.
 {¶ 34} Appellant appears to argue that the prosecution was required to present opinion testimony from the officers that a flashlight is commonly used in the commission of a burglary. We disagree. In light of the testimony presented, including evidence that appellant was in Garner's residence at night, that he fled the area when approached by an officer, and that he was wearing gloves containing lights in the fingertips, the jury could draw their own reasonable inferences as to the significance of the flashlight found. See, e.g., State v. Williams, Franklin App. No. 04AP-279, 2004-Ohio-6254, at ¶ 16 (reasonable juror could conclude appellant was in possession of criminal tools where there was evidence that appellant attempted to gain access to victim's home, appellant fled when spotted by officer, and appellant was in possession of flashlight and screwdriver).
 {¶ 35} Accordingly, appellant's second assignment of error is without merit and is overruled.
 {¶ 36} Under his third assignment of error, appellant contends he was denied effective assistance of counsel. Specifically, appellant argues his counsel was ineffective in: (1) failing to request the disclosure of witness statements; (2) waiving his right to present an opening statement; and (3) failing to object to comments by the prosecutor during closing argument.
 {¶ 37} In State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, the Ohio Supreme Court noted the applicable standard in reviewing a claim of ineffective assistance of counsel, stating:
2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle
[1976], 48 Ohio St.2d 391 * * *; Strickland v. Washington
[1984], 466 U.S. 668, followed.)
3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
 {¶ 38} In response to appellant's claim that his counsel should have requested an in camera inspection of witness statements, the state responds that appellant cannot demonstrate prejudice because the witness statements are not part of the record on appeal. We agree. See State v. Nieb, Stark App. No. 2001 CA 00349, 2002-Ohio-4666, at ¶ 36 (where witness statements were not part of record on appeal, reviewing court could not determine whether trial counsel erred, or appellant was prejudiced, by counsel's failure to request an in camera inspection of statements).
 {¶ 39} Appellant's contention that his counsel's decision to waive opening statement constituted deficient performance is unpersuasive. The decision whether or not to make an opening statement is deemed a tactical decision that does not ordinarily rise to the level of ineffective assistance. State v. Addison,
Franklin App. No. 03AP-1102, 2004-Ohio-5154, at ¶ 13. See, also,Bradley, supra, at 144. In the instant case, appellant has not shown that his counsel's decision to forego opening statement was deficient, or that there is a "reasonable probability" that, but for counsel's conduct, the outcome would have been different. Id.
 {¶ 40} Appellant also contends that his counsel was ineffective in failing to object to remarks by the prosecutor during closing argument, raising the same issues we have previously addressed, under his second assignment of error, regarding appellant's claim of prosecutorial misconduct. Having found that the comments were either proper or did not cause prejudice to appellant warranting reversal, counsel's failure to object did not constitute ineffective assistance of counsel. Accordingly, appellant's third assignment of error is not well-taken and is overruled.
 {¶ 41} Based upon the foregoing, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Klatt, P.J., and McGrath, J., concur.