THE STATE EX REL. WINNICK, APPELLANT, *v.* GANSHEIMER, WARDEN, APPELLEE.

[Cite as *State ex rel. Winnick v Gansheimer*, 112 Ohio St.3d 149, 2006-Ohio-6521.]

*Habeas corpus — Petition that does not include copies of all pertinent commitment papers or verification required by R.C. 2725.04 is defective — Court of appeals' denial of writ affirmed.*

(No. 2006-1318 ─ Submitted November 15, 2006 ─ Decided December 27, 2006.)

APPEAL from the Court of Appeals for Ashtabula County, No. 2006-A-0009, 2006-Ohio-3431.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus. Because the petition is fatally defective, we affirm.

{¶ 2} On February 24, 2006, appellant, Horace Winnick, filed a petition in the Court of Appeals for Ashtabula County for a writ of habeas corpus to compel appellee, his prison warden, to release him from prison. Winnick claimed that he had served his sentence. Winnick included a computer-generated prison update sheet indicating that he had been convicted and sentenced for four separate criminal offenses, but he attached a sentencing entry covering only two of the four convictions. In addition, Winnick's petition contained no verification.

{¶ 3} On March 16, 2006, the court of appeals issued an alternative writ and ordered the warden to file either an answer or a motion to dismiss within 15 days. When the warden did not file a timely response, Winnick filed a motion for

judgment on the pleadings.  On June 30, 2006, the court of appeals dismissed the petition.

{¶ 4}  In his appeal as of right, Winnick asserts that the court of appeals erred in dismissing his petition.  For the following reasons, Winnick's contentions lack merit.

{¶ 5}  Winnick's petition was fatally defective because he failed to include copies of all pertinent commitment papers.  R.C. 2725.04(D).  Winnick attached a sentencing entry for two of his four convictions, but failed to attach entries for his remaining convictions, which are referred to in an exhibit to his petition.  *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 10.  "These commitment papers are necessary for a complete understanding of the petition.  Without them, the petition is fatally defective."  *Bloss v. Rogers* (1992), 65 Ohio St.3d 145, 146, 602 N.E.2d 602.  The attached, but unsigned and unverified, update sheet does not constitute an appropriate commitment paper.  *Hairston v. Seidner* (2000), 88 Ohio St.3d 57, 58, 723 N.E.2d 575 ("court of record speaks only through its journal entries," so failure to attach a sentencing entry for one of multiple criminal cases required dismissal of habeas corpus petition).

{¶ 6}  Moreover, Winnick's petition was also fatally defective and subject to dismissal because it was not verified as required by R.C. 2725.04.  *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 17.

{¶ 7}  Finally, the mere fact that the warden did not submit a timely response to the petition when ordered to do so did not entitle Winnick to a default judgment granting the writ.  Cf. *State ex rel. Shimola v. Cleveland* (1994), 70 Ohio St.3d 110, 112, 637 N.E.2d 325, quoting Civ.R. 55(D) ("a default judgment may be entered against the state only if the 'claimant establishes his claim or right to relief by evidence satisfactory to the court' ").  Under Loc.R. 101(B)(2) of the

Eleventh Appellate District, the granting of the alternative writ meant that the petition might *not* state a viable habeas corpus claim: "If this Court concludes that the petition in habeas corpus may not state a viable claim for relief, an alternative writ shall be issued requiring the respondent to file a written response to the petition." Although this procedure appears comparable to allowing a writ pursuant to R.C. 2725.06, Winnick's petition remained fatally defective and subject to dismissal. *Chari v. Vore* (2001), 91 Ohio St.3d 323, 327, 744 N.E.2d 763 (court of appeals erred in allowing the writ and ordering a return in habeas corpus case because the petition was not properly verified).

{¶ 8} Based on the foregoing, the court of appeals acted properly by dismissing appellant's petition. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

————————————

Horace Winnick, pro se.

Jim Petro, Attorney General, and Steven H. Eckstein, Assistant Attorney General, for appellee.

————————————