TISDALE, APPELLANT, *v.* EBERLIN, WARDEN, APPELLEE.

[Cite as *Tisdale v. Eberlin,* 114 Ohio St.3d 201, 2007-Ohio-3833.]

(No. 2007–0533—Submitted July 10, 2007—Decided August 15, 2007.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus. Because the petitioner failed to attach all of his pertinent commitment papers, and because he had an adequate remedy in the ordinary course of law to raise his speedy-trial claim, we affirm.

{¶ 2} The Columbiana County Court of Common Pleas convicted appellant, Khabir A. Tisdale, of two counts of trafficking in drugs, one count of attempted illegal conveyance of prohibited items onto the grounds of a detention facility, and one count of possession of drugs, and sentenced him to prison. The Jefferson County Court of Common Pleas convicted Tisdale of one count of possession of drugs and sentenced him to prison.

{¶ 3} In December 2006, Tisdale filed a petition in the Court of Appeals for Belmont County for a writ of habeas corpus to compel his immediate release from prison. Tisdale claimed that he was entitled to the writ because his speedy-trial rights under R.C. 2941.401 had been violated. However, Tisdale did not attach a copy of the sentencing entry for his Jefferson County conviction. Appellee, Belmont Correctional Institution Warden Michele Eberlin, filed a motion to dismiss the petition. The court of appeals dismissed the petition.

{¶ 4} In his appeal as of right, Tisdale asserts that the court of appeals erred in dismissing his habeas corpus petition.

{¶ 5} For the following reasons, however, the court of appeals properly dismissed the petition.

{¶ 6} Tisdale's petition is fatally defective and subject to dismissal because he failed to attach copies of all of his pertinent commitment papers. *State ex rel. Winnick v. Gansheimer,* 112 Ohio St.3d 149, 2006-Ohio-6521, 858 N.E.2d 409, ¶ 5; R.C. 2725.04(D). Tisdale attached the sentencing entries for his Columbiana County convictions but failed to attach the sentencing entry for his Jefferson County conviction. Tisdale erroneously relies on *Watkins v. Collins,* 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 38, to claim that the foregoing general rule is inapplicable. *Watkins* is inapposite, because unlike the petitioners in that case, Tisdale did not attach a stipulation of the parties agreeing to all of the pertinent facts.

{¶ 7} Moreover, a claimed violation of a right to a speedy trial is not cognizable in habeas corpus. *Kelley v. Wilson,* 103 Ohio St.3d 201, 2004-Ohio-4883, 814

N.E.2d 1222, ¶ 15. This rule applies where the claimed violation is—as here—based upon noncompliance with R.C. 2941.401. *Jackson v. Wilson*, 100 Ohio St.3d 315, 2003-Ohio-6112, 798 N.E.2d 1086, ¶ 6–7 (prisoner has adequate remedy at law by way of motion to dismiss indictment and appeal to raise claimed violation of speedy-trial rights under R.C. 2941.401); *State ex rel. Bowling v. Hamilton Cty. Court of Common Pleas* (1970), 24 Ohio St.2d 158, 53 O.O.2d 355, 265 N.E.2d 296.

{¶ 8} Based on the foregoing, we affirm the judgment of the court of appeals. Dismissal was warranted because Tisdale's petition was fatally defective and failed to state a claim cognizable in habeas corpus.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

Khabir A. Tisdale, pro se.

Marc Dann, Attorney General, and Stuart A. Cole, Assistant Attorney General, for appellee.