DAY, APPELLANT, v. WILSON, WARDEN, APPELLEE.

[Cite as *Day v. Wilson,* 116 Ohio St.3d 566, 2008-Ohio-82.]

(No. 2007–1344—Submitted January 9, 2008—Decided January 17, 2008.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus. Because the petitioner did not comply with the commitment-paper requirement of R.C. 2725.04(D) and had an adequate remedy in the ordinary course of law to raise his claim of an improper bindover, we affirm.

{¶ 2} In 1994, the Lucas County Court of Common Pleas convicted appellant, Claude E. Day Jr., of aggravated murder, felonious assault, and a firearm specification and sentenced him to prison.

{¶ 3} In April 2007, Day filed a petition in the Court of Appeals for Richland County for a writ of habeas corpus to compel appellee, Richland Correctional Institution Warden Julius Wilson, to immediately release him from prison. Day claimed that his convictions and sentence were void because he had never been given the physical examination required by the then applicable versions of Juv.R. 30 and former R.C. 2151.26 before he was bound over from the juvenile court to the common pleas court. Day did not attach to his petition a copy of the bindover entry that he challenged. The warden filed a motion to dismiss. The court of appeals granted the motion and dismissed the petition.

{¶ 4} The court of appeals properly dismissed Day's petition. The petition was fatally defective and subject to dismissal because he failed to attach copies of all

of his pertinent commitment papers. *Tisdale v. Eberlin,* 114 Ohio St.3d 201, 2007-Ohio-3833, 870 N.E.2d 1191, ¶ 6. Day did not attach to his petition the juvenile court bindover entry that he is contesting. *State ex rel. Gilmore v. Mitchell* (1999), 86 Ohio St.3d 302, 303, 714 N.E.2d 925. The mere fact that the warden attached this entry to his dismissal motion did not cure the defect. *Cornell v. Schotten* (1994), 69 Ohio St.3d 466, 466–467, 633 N.E.2d 1111. Although the court of appeals did not base its judgment on Day's failure to comply with R.C. 2725.04(D), we will not reverse a correct judgment. *State ex rel. Johnson v. Ohio Parole Bd.* (1997), 80 Ohio St.3d 140, 141, 684 N.E.2d 1227.

{¶ 5} Moreover, if Day had attached the pertinent juvenile court entries to his petition, those entries, which were attached to the warden's dismissal motion, rebutted Day's claim that he had not received the required physical examination. Under these circumstances, Day had an adequate remedy in the ordinary course of law by appeal to raise his claim of an improper bindover because the sentencing court did not patently and unambiguously lack jurisdiction. *Smith v. Bradshaw,* 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516, ¶ 10–12; *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 382–383, 667 N.E.2d 1194.

{¶ 6} Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Claude E. Day Jr., pro se.

Marc Dann, Attorney General, and Thelma Thomas Price, Assistant Attorney General, for appellee.