OPINION AND JOURNAL ENTRY
{¶ 1} On November 9, 2006, Petitioner, Shannon Drake, filed a petition for a writ of habeas corpus in the Eleventh District Court of Appeals, against Respondent, Richard Gansheimer, in his capacity as warden of Lake Erie Correctional Institution, asserting that he is being unlawfully restrained. Respondent failed to answer the petition and the Court filed an alternative writ to either answer or move to dismiss the case by February 15, 2007. Respondent did not respond. The Eleventh District found that Petitioner had made a prima facie showing which warranted an evidentiary hearing, and scheduled such a hearing for May 30, 2007.
 {¶ 2} On May 25, 2007, Respondent moved for relief from that judgment under Civ.R. 60(B) and asked the court to dismiss the petition. On May 29, 2007, the Eleventh District granted Respondent's motion for relief from judgment and said that it would treat the motion to dismiss as a motion for summary judgment. Petitioner objected to this on June 8, 2007, and requested an evidentiary hearing. The Eleventh District concluded that it had improvidently allowed Respondent to file his motion to dismiss and rescheduled the matter for an evidentiary hearing. On September 18, 2007, before that hearing could be held, Respondent moved to dismiss the petition since Petitioner had been moved to a facility in Mahoning County, which was outside the jurisdiction of the Eleventh District. Petitioner then moved for a change of venue to this court. The Eleventh District granted that motion on October 29, 2007.
 {¶ 3} After the case was transferred to this court, Respondent again moved to dismiss the petition. Rather than rule on that motion, we scheduled the matter for an *Page 2 
evidentiary hearing, which was held on February 6, 2008. Based on the evidence and arguments presented both at the hearing and in the parties' briefs, we deny Petitioner's request for a writ of habeas corpus.
 {¶ 4} The writ of habeas corpus will only be issued in certain extraordinary circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy. State ex rel. Pirman v.Money (1994), 69 Ohio St.3d 591, 593, 1994-Ohio-0208. Habeas corpus is not to be used as a substitute for other forms of action, such as direct appeal. Adams v. Humphreys (1986), 27 Ohio St.3d 43. Where a Petitioner possessed the adequate legal remedies of appeal and post-conviction to challenge his conviction, a petition for habeas corpus may properly be denied. See State ex rel. Massie v. Rogers (1997), 77 Ohio St.3d 449,450.
 {¶ 5} Moreover, res judicata precludes the filing of successive habeas corpus petitions. Freeman v. Tate (1992), 65 Ohio St.3d 153. Thus, any claim which could have been raised in a previous petition for a writ of habeas corpus cannot be raised in a subsequent petition.
 {¶ 6} In this case, Petitioner filed a direct appeal from his conviction to the Eighth District Court of Appeals, which affirmed his conviction in State v. Drake (Feb. 8, 2001), 8th Dist. No. 77460. Petitioner filed his first petition for a writ of habeas corpus in the Eleventh District Court of Appeals on May 20, 2003. That court dismissed the petition and the Ohio Supreme Court affirmed that decision in a case styled Drake v. Tyson-Parker, 101 Ohio St.3d 210, 2004-Ohio-0711.
 {¶ 7} In this case, Petitioner has stated multiple claims for relief, all of which deal *Page 3 
with the way in which the trial court dealt with the verdict form signed by the jury. All of these claims could have been raised either in Petitioner's direct appeal or first habeas corpus action. Therefore, his claims are all barred by the doctrine of res judicata.
 {¶ 8} Furthermore, Petitioner's petition is fatally defective because he failed to attach copies of all pertinent commitment papers as required by R.C. 2725.04(D); State ex rel. Winnick v. Gansheimer,112 Ohio St.3d 149, 2006-Ohio-6521, at ¶ 5.
 {¶ 9} Given these facts, the petition for a writ of habeas corpus in this case is denied. Costs taxed against Petitioner. Final order. Clerk to serve notice on the parties as provided by the Ohio Rules of Civil Procedure.
 DeGenaro, P.J., concurs. Vukovich, J., concurs. Waite, J., concurs. *Page 1