[Cite as *Smith v. State*, 2012-Ohio-1148.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

GENERAL SMITH, III ) CASE NO. 11 NO 384
)
    PETITIONER )
)
VS. ) OPINION AND
) JUDGMENT ENTRY
STATE OF OHIO )
ED BANKS, WARDEN )
)
    RESPONDENTS )

CHARACTER OF PROCEEDINGS:     Petition for Writ of Habeas Corpus

JUDGMENT:     Dismissed.

APPEARANCES:

For Petitioner:     General Smith, III, Pro se
    #619-955
    Noble Correctional Institution
    15708 McConnellsville Road
    Caldwell, Ohio  43724

For Respondents:     Atty. Mike DeWine
    Attorney General of Ohio
    Atty. Maura O'Neill Jaite
    Senior Assistant Attorney General
    Criminal Justice Section
    150 East Gay Street, 16th Floor
    Columbus, Ohio  43215

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

    Dated:  March 14, 2012

PER CURIAM.

{¶1} Petitioner General Smith, III, filed a pro se petition for writ of habeas corpus with this Court. Petitioner claims that he is being allegedly imprisoned because the trial court improperly granted a Crim.R. 32.1 motion to vacate his plea after conviction. He believes the trial court's actions were improper because the plea and conviction had already been appealed to and affirmed by the court of appeals. Petitioner contends that all actions of the trial court subsequent to the original conviction and sentence are void. The petition is brought against the State of Ohio and Ed Banks, Warden of the Noble Correctional Institution. The State of Ohio is not a proper defendant in a habeas proceeding and is hereby dismissed from this action. *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 742 N.E.2d 651 (2001). Respondent has filed a motion to dismiss the warden from this action. For the following reasons, we sustain Respondent's motion and dismiss this petition for writ of habeas corpus.

{¶2} Petitioner alleges that he is a prisoner in the Noble County Correctional Institution. He is being held, at least in part, pursuant to two judgment entries issued on January 27, 2010, one in Franklin County Case No. 03CR-05-3195, sentencing him to nine years and six months in prison, and the other in Franklin County Case No. 09CR-04-2547, sentencing him to four years in prison, to be served consecutively to the prison term in Case No. 03CR-05-3195. He was given approximately six years of jail-time credit at the time of sentencing, and has a number of years left to serve on his prison term in both cases.

{¶3} Petitioner avers that Case No. 03CR-05-3195 was initially resolved when he entered a guilty plea to the charge of aggravated robbery with a gun specification. He states that he was sentenced on February 20, 2004, to nine years in prison for aggravated robbery and one year for the gun specification, for a total prison term of ten years. Petitioner asserts that this case was directly appealed to the Tenth District Court of Appeals and was affirmed on appeal. The actual content of the appellate judgment or opinion is not part of the record on appeal, although the parties do agree that such an appeal took place and that the conviction was affirmed. The record indicates that on July 13, 2005, the Ohio Supreme Court refused to accept the appeal for review.

{¶4} The record reflects that Petitioner filed a motion to vacate his plea, or in the alternative, a motion for new trial, on October 18, 2007. The motions were resolved by allowing Petitioner to modify his previous plea in the following way: Petitioner entered a guilty plea to aggravated robbery without a firearm specification, but pleaded guilty to one count of attempting to have a weapon while under a disability. Petitioner was then sentenced to nine years and six months in prison on the two charges. On December 1, 2008, Petitioner was granted judicial release with community control for a period of two years. *State v. Smith*, 10th Dist. Nos. 10AP-143, 10AP-144, at ¶2, appeal not allowed 27 Ohio St.3d 1536, 2011-Ohio-376, 940 N.E.2d 988.

{¶5} On April 30, 2009, Petitioner was charged with four counts of robbery in Franklin County Case No. 09CR-04-2547. On May 27, 2009, the probation department requested revocation of Petitioner's community control in Case. No.

03CR-05-3195 due to the new criminal charges that were pending. The parties entered into plea negotiations that terminated with two judgment entries being issued on January 10, 2010. In Case No. 09CR-04-2547, Petitioner pleaded guilty to attempted felonious assault and was sentenced to four years in prison. In Case No. 03CR-05-3195, the court reimposed the previously stated prison term of nine years and six months, to be served consecutively to the sentence in Case No. 09CR-04-2547. Petitioner filed an appeal of the conviction and sentence. One of the issues on appeal was whether his plea was void because his sentence in Case No. 03CR-05-3195 was invalid. *Smith*, *supra*, at ¶25. The court held that neither the prior sentence nor the plea were void and that any error was harmless. *Id.* at ¶26. This habeas action followed.

{¶6} Petitioner's argument is that the trial court lost jurisdiction to vacate or modify his 2003 plea once the conviction arising from that plea was affirmed by the Tenth District Court of Appeals. He believes that his 2007 plea and resentencing was void, as was the plea agreement reached in 2010. He bases his argument primarily on his reading of *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 378 N.E.2d 162 (1978), where the defendant pleaded guilty to murder in the Belmont County Court of Common Pleas in 1975. The conviction was appealed and affirmed by this Court. *Id.* at 163. The defendant then filed a Crim.R. 32.1 motion to withdraw his guilty plea, which was granted. No appeal was taken of that judgment, and trial was reset. A few weeks before trial, special prosecutors filed a writ of prohibition seeking to stop the trial on the grounds

that the court had no jurisdiction to rule on a Crim.R. 32.1 motion to withdraw a plea after the conviction had been affirmed on appeal.

{¶7} The Ohio Supreme Court held: "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *Id.* at 97-98.

{¶8} We cannot determine, based on the documents submitted by Petitioner, whether *State ex rel. Special Prosecutors* applies to his circumstances. Petitioner has not attached any judgment entry or opinion from the Tenth District Court of Appeals that explains why or how his conviction was affirmed. He has not attached the judgments of conviction and sentence from 2004 or 2007 necessary to evaluate his arguments properly. Without those judgment entries, we cannot determine what the consequences would be of voiding the 2007 or 2010 convictions. The records are necessary because one of those prior judgments would clearly be reinstated if we determine that the 2007 or 2010 judgment entries are void. "A habeas petition is fatally defective if a defendant fails to attach all of his pertinent commitment papers." (Emphasis deleted.) *Mosley v. Eberlin*, 7th Dist. No. 08-BE-7, 2008-Ohio-6593, at ¶39. See also, *Tisdale v. Eberlin*, 114 Ohio St.3d 201, 2007-Ohio-3833, 870 N.E.2d 1191, ¶6 (habeas petition dismissed because documents referring to an additional

active conviction were not included); *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 95 Ohio St.3d 70, 71, 765 N.E.2d 356 (2002) (underlying entry resulting in confinement was required for habeas petition, not just parole board's decision to maintain inmate in prison).

**{¶9}** Petitioner himself admits that he was sentenced to ten years in prison on February 20, 2004, but to only nine years and six months in prison pursuant to the judgment entries of 2007 and 2010. If we determine that the 2007 or 2010 convictions are void, it appears that he would be incarcerated based on the terms of the 2004 judgment of conviction and sentence. Since the 2004 sentence was longer than the revised sentences entered in 2007 and 2010, he would not be entitled to be released from prison at this time. "[H]abeas corpus lies only if the petitioner is entitled to immediate release from confinement." *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 188, 652 N.E.2d 746 (1995). Even if we accepted Petitioner's argument, he is not entitled to be released from prison and, in fact, would serve a longer sentence.

**{¶10}** Petitioner challenged the validity of his 2007 guilty plea in *State v. Smith*, 10th Dist. Nos. 10AP-143, 10AP-144, appeal not allowed 27 Ohio St.3d 1536, 2011-Ohio-376, 940 N.E.2d 988. It appears that Petitioner had an adequate alternative legal remedy in that appeal to raise the issue he now claims in this habeas action. Habeas corpus is an extraordinary remedy, available only in situations where the record reveals the unlawful restraint of a person's liberty and when no adequate legal remedy exists, such as direct appeal or postconviction relief. *State ex rel. Harris v. Anderson*, 76 Ohio St.3d 193, 667 N.E.2d 1 (1996). Habeas is not a

substitute for direct appeal or postconviction relief. *Daniel v. State*, 98 Ohio St.3d 467, 2003-Ohio-1916, 786 N.E.2d 891, ¶8. Petitioner himself states that he challenged the validity of the 2007 plea as part of his direct appeal in 2007 in *State v. Smith*. Because the Tenth District Court of Appeals has directly ruled on the question of the validity of the 2007 plea, he has clearly utilized an adequate legal remedy and is not entitled to the extraordinary remedies available in a habeas action.

**{¶11}** In conclusion, there are three reasons why this petition must be dismissed: the Petition did not include all pertinent commitment papers and documentation to evaluate his alleged error; Petitioner did not establish that he should be released from custody even if he could prove the merits of his legal argument; and Petitioner has already pursued an adequate legal remedy which addressed the question of the validity of the 2007 plea and he cannot relitigate that issue here. For all these reasons, we sustain Respondent's motion to dismiss. Petition dismissed.

**{¶12}** Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.

Waite, P.J., concurs.

Vukovich, J., concurs.

DeGenaro, J., concurs.