[Cite as *Smith v. Buchanan*, 2013-Ohio-1746.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| GENERAL SMITH III, | ) | |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| V. | ) | CASE NO. 13-NO-399 |
| | ) | |
| TIM BUCHANAN, WARDEN, | ) | OPINION |
| | ) | AND |
| RESPONDENT. | ) | JUDGMENT ENTRY |

CHARACTER OF PROCEEDINGS:     Petition for Writ of Habeas Corpus

JUDGMENT:     Dismissed

APPEARANCES:

For Petitioner     General Smith
15708 McConnelsville Road
Caldwell, Ohio 43724

For Respondent     Michael DeWine
Ohio Attorney General
Maura O'Neill Jaite
Senior Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: April 23, 2013

PER CURIAM.

{¶1} Petitioner General Smith III has filed a pro se petition for writ of habeas corpus claiming his convictions and sentences are unlawful and void due to violations of due process and equal protection of the laws. Respondent Tim Buchanan, Warden of the Noble Correctional Institution in Caldwell, Ohio answered by filing a motion to dismiss.

{¶2} In 2004, Smith pleaded guilty to aggravated robbery with a one-year firearm specification in the Franklin County Common Pleas Court case number 03CR-3195. Several other charges, including a charge of possession of a weapon while under disability, were dropped by the state. The court sentenced Smith to consecutive terms of imprisonment of nine years for the aggravated robbery conviction and one year for the firearm specification for an aggregate term of ten years. Smith appealed, challenging the legitimacy of his guilty plea, and the Tenth District Court of Appeals affirmed Smith's conviction and sentence. *State v. Smith*, 10th Dist. No. 04AP-326 (Feb. 24, 2005) (Memorandum Decision).

{¶3} In 2007, Smith filed a motion in the Franklin County Common Pleas Court seeking to vacate his 2004 guilty plea. The state and Smith reached a negotiated agreement reducing Smith's sentence by six months. The court allowed Smith to withdraw his plea of guilty to aggravated robbery with a one-year firearm specification and instead plead guilty to aggravated robbery and attempted possession of a weapon while under disability. In accordance with the agreement, the court sentenced Smith to consecutive terms of imprisonment of nine years for the aggravated robbery conviction and six months for the attempted possession of a weapon while under disability conviction for an aggregate term of nine years and six months.

{¶4} In 2008, the Franklin County Common Pleas Court granted Smith judicial release and placed him on community control for a period of two years.

{¶5} In 2009, Smith was charged with four counts of robbery in Franklin County Common Pleas Court case number 09CR-2547. These new criminal charges prompted the probation department to request revocation of Smith's community control in the 2003 case (case no. 03CR-3195). The parties reached a plea

agreement. Smith pleaded guilty to attempted felonious assault and the state dropped the remaining charges. The court sentenced Smith to a four-year term of imprisonment for the attempted felonious assault conviction. Concerning the 2003 case, the court found that Smith had violated the terms of his community control and reimposed the previously stated prison term of nine years and six months. The court ordered the 2004 nine-year and six-months sentence to be served consecutively to the 2009 four-year sentence.

{¶6} Smith appealed his newest conviction and both sentences. The Tenth District overruled Smith's contention that his 2004 sentence was void, but remanded the matter to the trial court to review its calculation of jail time credit. *State v. Smith*, 10th Dist. Nos. 10AP-143, 10AP-144, 2010-Ohio-4744.

{¶7} In 2011, Smith filed in this court a petition for a writ of habeas corpus advancing the same argument he does in the petition presently before this court. Smith argues that the trial court lost jurisdiction to vacate or modify his 2003 plea once the conviction arising from that plea was affirmed by the Tenth District Court of Appeals. He believes that his 2007 plea and resentencing was void, as was the plea agreement reached in 2010. He bases his argument primarily on his reading of *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas,* 55 Ohio St.2d 94, 378 N.E.2d 162 (1978), where the defendant pleaded guilty to murder in the Belmont County Court of Common Pleas in 1975. The conviction was appealed and affirmed by this Court. *Id.* at 163. The defendant then filed a Crim.R. 32.1 motion to withdraw his guilty plea, which was granted. No appeal was taken of that judgment, and trial was reset. A few weeks before trial, special prosecutors filed a writ of prohibition seeking to stop the trial on the grounds that the court had no jurisdiction to rule on a Crim.R. 32.1 motion to withdraw a plea after the conviction had been affirmed on appeal.

{¶8} The Ohio Supreme Court held: "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this

action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *Id.* at 97–98, 378 N.E.2d 162.

**{¶9}** This court dismissed his 2011 petition, citing three grounds: (1) the petition did not include all pertinent commitment papers and documentation to evaluate his alleged error; (2) Smith did not establish that he should be released from custody even if he could prove the merits of his legal argument; and (3) Smith had already pursued an adequate legal remedy which addressed the question of the validity of the 2007 plea and he cannot relitigate that issue here. *Smith v. State*, 7th Dist. No. 11 NO 384, 2012-Ohio-1148.

**{¶10}** Two of those reasons still apply to necessitate dismissal of Smith's current petition. Smith again cannot establish that he should be released from custody even if he could prove the merits of his legal argument. As we observed in reviewing his 2011 petition:

> Petitioner himself admits that he was sentenced to ten years in prison on February 20, 2004, but to only nine years and six months in prison pursuant to the judgment entries of 2007 and 2010. If we determine that the 2007 or 2010 convictions are void, it appears that he would be incarcerated based on the terms of the 2004 judgment of conviction and sentence. Since the 2004 sentence was longer than the revised sentences entered in 2007 and 2010, he would not be entitled to be released from prison at this time. "[H]abeas corpus lies only if the petitioner is entitled to immediate release from confinement." *State ex rel. Jackson v. McFaul,* 73 Ohio St.3d 185, 188, 652 N.E.2d 746 (1995). Even if we accepted Petitioner's argument, he is not entitled to be released from prison and, in fact, would serve a longer sentence.

*Id.* at ¶ 9.

**{¶11}** Moreover, Smith had and utilized an adequate legal remedy to pursue his *Special Prosecutors* argument. Smith challenged the validity of his 2007 guilty plea in a direct appeal to Tenth District Court of Appeals. *State v. Smith,* 10th Dist. Nos. 10AP-143, 10AP-144, 2010-Ohio-4744, appeal not allowed 27 Ohio St.3d 1536,

2011-Ohio-376, 940 N.E.2d 988. Therefore, that direct appeal afforded Smith an adequate legal remedy to raise the issue he now claims in this habeas action. In fact, Smith raised the *Special Prosecutors* argument on two occasions before that court in his direct appeal in subsequent motions for reconsideration. The Tenth District rejected that argument on both occasions. *State v. Smith*, 10th Dist. Nos. 10AP-143, 10AP-144 (Apr. 26, 2011) (Memorandum Decision); *State v. Smith*, 10th Dist. Nos. 10AP-143, 10AP-144 (June 28, 2011) (Memorandum Decision). Habeas corpus is an extraordinary remedy, available only in situations where the record reveals the unlawful restraint of a person's liberty and when no adequate legal remedy exists, such as direct appeal or postconviction relief. *State ex rel. Harris v. Anderson,* 76 Ohio St.3d 193, 667 N.E.2d 1 (1996). Habeas is not a substitute for direct appeal or postconviction relief. *Daniel v. State,* 98 Ohio St.3d 467, 2003-Ohio-1916, 786 N.E.2d 891, ¶ 8. Because the Tenth District Court of Appeals has directly ruled on the question of the validity of the 2007 plea, he has clearly utilized an adequate legal remedy and is not entitled to the extraordinary remedies available in a habeas action.

{¶12} For the foregoing reasons, Smith's petition for writ of habeas corpus is hereby dismissed.

{¶13} Costs taxed against Smith. Final order. Clerk to serve notice on the parties as required by the Ohio Rules of Civil Procedure.

Donofrio, J. concurs.

Vukovich, J. concurs.

Waite, J. concurs.