[Cite as *Powers v. Timmerman-Cooper*, 2013-Ohio-2865.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY


SCOTT POWERS, :

      Petitioner-Appellant, :

                               :

    - vs -

                                 :

DEB TIMMERMAN-COOPER, WARDEN, :

      Respondent-Appellee. :

CASE NO. CA2013-01-002

O P I N I O N
7/1/2013


CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CVH20120322


Scott Powers, #A498264, London Correctional Institution, P.O. Box 69, London, Ohio 43140, petitioner-appellant, pro se

Gregory T. Hartke, Assistant Attorney General, 615 West Superior Avenue, State Office Building, 11th Floor, Cleveland, Ohio 44113-1899, for respondent-appellee


    **S. POWELL, J.**

    {¶ 1}  Petitioner-appellant, Scott Powers, appeals pro se from the Madison County Court of Common Pleas decision dismissing his petition for a writ of habeas corpus requesting his immediate release from prison. For the reasons outlined below, we affirm.

    {¶ 2}  Powers, who has a lengthy criminal history, is currently incarcerated at the London Correctional Institution located in Madison County, Ohio. As relevant here, in 1982

Powers was sentenced by the Knox County Court of Common Pleas to serve a maximum of 25 years in prison after a jury found him guilty of one count of aggravated robbery. As a result of his conviction, Powers had a maximum release date of March 8, 2007. Powers' conviction and sentence were subsequently affirmed on appeal. *See State v. Powers*, 5th Dist. No. 82-CA-20, 1983 WL 5471 (Mar. 4, 1983).

{¶ 3} While the matter before the Knox County Common Pleas Court was still pending, Powers was indicted and ultimately pled guilty in the Franklin County Court of Common Pleas to two additional counts of aggravated robbery. As a result of his guilty plea, Powers' maximum release date was extended to March 12, 2007. Powers was then assessed an additional 6 months and 5 days due to "lost time" allegedly resulting from his original aggravated robbery sentence. With the addition of this "lost time," Powers' maximum release date was further extended to September 17, 2007. Powers was subsequently released from prison and placed on parole.

{¶ 4} In 1991, while on parole, Powers was indicted and pled guilty in the Franklin County Court of Common Pleas to two counts of burglary. As a result of his guilty plea, Powers was sentenced to serve a maximum of 15 years in prison. The Franklin County Court of Common Pleas' sentencing entry, however, was silent as to whether Powers' sentence was to be served consecutively to any parole revocation time. After serving some time in prison, Powers was again released and placed on parole.

{¶ 5} In 1999, while still on parole, the Franklin County Court of Common Pleas sentenced Powers to an additional 17 months in prison after a jury found him guilty of burglary, theft, and receiving stolen property. As part of this additional sentence, Powers was ordered to serve this term consecutive to "any parole revocation time." Powers' conviction and sentence were again affirmed on appeal. *See State v. Powers*, 10th Dist. No. 00AP-815, 2001 WL 69333 (Jan. 30, 2001). However, although twice demonstrating his inability to

avoid further criminal convictions while on parole, Powers was once again released from prison and placed on parole.

{¶ 6}   In 2005, while once again on parole, the Franklin County Court of Common Pleas sentenced Powers to serve, albeit concurrently, an additional seven-year prison term after a jury found him guilty of burglary and possession of criminal tools.  His conviction and sentence for these offenses were also affirmed on appeal.  *See State v. Powers*, 10th Dist. No. 05AP-780, 2006-Ohio-4458.

{¶ 7}   On November 2, 2012, Powers filed a petition with the Madison County Court of Common Pleas requesting a writ of habeas corpus for his immediate release from prison. According to Powers, he is being held unlawfully in that his maximum sentence had expired on January 18, 2012.  Respondent-appellee, Deb Timmerman-Cooper, Warden of the London Correctional Institution, filed a motion to dismiss Powers' petition under Civ.R. 12(B)(6).  The trial court granted the motion to dismiss finding Powers' maximum sentence does not expire until May 6, 2023, as his 15-year sentence received following his 1991 burglary convictions must be served consecutively to any parole revocation time as required by former R.C. 2929.41(B)(3).  Powers now appeals from that decision, raising a single assignment of error for review.

{¶ 8}   THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING RELIEF ON THE BASIS OF HOLDING THAT OHIO REVISED CODE §2929.41(B)(3) IS SELF-EXECUTING, WHICH DENIED APPELLANT DUE PROCESS OF LAW.

{¶ 9}   In his sole assignment of error, Powers argues the trial court erred in dismissing his petition for a writ of habeas corpus requesting his immediate release from prison. According to Powers, the trial court incorrectly determined that his maximum release date as May 6, 2023 by finding former R.C. 2929.41(B)(3) was self-executing as a matter of law, thereby automatically imposing his prison term to be served consecutively to any parole

revocation time.[1]  We find such argument lacks merit.

{¶ 10}  "A writ of habeas corpus is an extraordinary remedy available where there is an unlawful restraint of a person's liberty and no adequate remedy at law."  *Maxwell v. Jones*, 12th Dist. No. CA2009-07-179, 2010-Ohio-1633, ¶ 7, citing *Agee v. Russell*, 92 Ohio St.3d 540, 544 (2001).  Habeas corpus is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison.  *Larsen v. State*, 92 Ohio St.3d 69 (2001).

{¶ 11}  The Ohio Supreme Court has addressed the propriety of a Civ.R. 12(B)(6) motion in a habeas action.  "'R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas corpus action.'"  *Waites v. Gansheimer*, 110 Ohio St.3d 250, 2006-Ohio-4358, ¶ 8.  In turn, "if the court decides that the petition states a facially valid claim, it must allow the writ."  *Chari v. Vore*, 91 Ohio St.3d 323, 327, (2001).  However, "if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition."  *State ex rel. Sneed v. Anderson*, 114 Ohio St.3d 11, 2007-Ohio-2454, ¶ 5, quoting *Pegan v. Crawmer*, 73 Ohio St.3d 607, 609 (1995).

{¶ 12}  Initially, we note that Powers did not attach to his petition copies of all necessary papers as required under R.C. 2725.04(D).  As that provision explicitly states:

> A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

{¶ 13}  The Ohio Supreme Court repeatedly held that failure to attach copies of all of the pertinent commitment papers to a petition for habeas corpus results in the petition being fatally defective.  *Rucker v. Brunsman*, 12th Dist. No. CA2010-08-072, 2010-Ohio-6078, ¶ 12,

---

1. The former R.C. 2929.41(B)(3) applicable here was later amended on July 1, 1996.  *See generally State v. Gillman*, 10th Dist. No. 01AP-662, 2001 WL 1586688, *2 (Dec. 13, 2001).

citing *Cornell v. Schotten*, 69 Ohio St.3d 466, 466-467 (1994). Where the petitioner has more than one pertinent conviction, such as the case here, the petitioner must attach all of the pertinent commitment papers. *See State ex rel. Winnick v. Gansheimer*, 112 Ohio St.3d 149, 2006-Ohio-6521, ¶ 5; *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 10. The "[f]ailure to comply with R.C. 2725.04 is fatal to the habeas corpus petition and cannot be remedied by a memorandum in opposition to motion to dismiss or a post-judgment motion." *Rideau v. Russell*, 12th Dist. No. CA2000-07-065, 2001 WL 409429, *2 (Apr. 23, 2001), citing *Boyd v. Money*, 82 Ohio St.3d 388, 389 (1998); *Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992).

{¶ 14} Here, after a thorough review of the record, we find that Powers did not attach copies of all pertinent commitment papers to his petition for the requested writ of habeas corpus. Rather, Powers merely provided the judgment entries from his 1991 and 2005 convictions in the Franklin County Court of Common Pleas, as well as several letters from the Ohio Department of Rehabilitation and Correction Bureau of Sentence Computation advising him of his maximum release date. This is insufficient to satisfy the requirements of R.C. 2725.04(D). Moreover, the mere fact that the warden later attached documentation evidencing the necessary missing information to her motion to dismiss does not cure this defect. *See Day v. Wilson*, 116 Ohio St.3d 566, 2008-Ohio-82, ¶ 4; *Cornell*, 69 Ohio St.3d at 466-467. Therefore, although the trial court opted not to explicitly address this issue, dismissal of Powers' habeas corpus petition would have been proper on this basis alone. *See State ex rel. Johnson v. Ohio Parole Bd.*, 80 Ohio St.3d 140, 141 (1997).

{¶ 15} Nevertheless, even if he had properly attached copies of all of the pertinent commitment papers to his habeas corpus petition as required by R.C. 2725.04(D), which he did not, dismissal was proper as Powers is simply not entitled to his immediate release from prison. As noted above, Powers argues that the trial court incorrectly determined that former

R.C. 2929.41(B)(3) was self-executing as a matter of law, thereby automatically imposing consecutive sentences upon him to any parole revocation time. In support of this claim, Powers initially relies on this court's decision in *Hamilton v. Adkins*, 10 Ohio App.3d 217 (12th Dist.1983).

{¶ 16} However, our decision in *Adkins* dealt with former R.C. 2929.41(B)(1), not former R.C. 2929.41(B)(3). In fact, this very same issue was addressed by the Seventh District Court of Appeals in *Richards v. Eberlin*, 7th Dist. No. 04-BE-1, 2004-Ohio-2636, wherein the court explicitly stated:

> In *Adkins*, the reviewing court ruled that the trial court's failure to specify consecutive sentences in accordance with former R.C. 2929.41(B)(1) at the time of sentencing resulted in a lack of evidence of such intent, and thus the sentences were deemed to run concurrent.
>
> The portion of the statute relevant to the instant matter was former R.C. 2929.41(B)(3), which mandates that 'A sentence of imprisonment **shall** be served consecutively to any other sentences of imprisonment, in the following cases: * * * (3) When it is imposed for a new felony committed by a probationer, parolee, or escapee.' Because Petitioner was on parole from his original sentence when he was sentenced for his second felony in 1989, former R.C. 2929.41(B)(3) was controlling and mandated consecutive sentences, eliminating any possible ambiguity such as that found in *Adkins*. (Emphasis sic.) *Id.* at ¶ 9-10.

{¶ 17} Our decision in *Adkins*, therefore, is clearly distinguishable from the case at bar.

{¶ 18} Powers also relies upon the Ohio Attorney General Opinion issued in 1986 Ohio Atty.Gen.Ops. No. 2-175, 1986 WL 237857 (May 21, 1986). However, as noted by the Ohio Supreme Court, "Attorney General opinions are not binding on courts; at best, they are persuasive authority." *State ex rel. Van Dyke v. Pub. Emps. Retirement Bd.*, 99 Ohio St.3d 430, 2003-Ohio-4123, ¶ 40. Yet, even then, the Attorney General's opinion in that matter is also distinguishable for it merely addressed whether the Department of Rehabilitation and Correction has the authority to independently determine whether a prisoner is to serve

sentences consecutively under former R.C. 2929.41(B)(3) "where a court has ordered that sentences of imprisonment be served concurrently." 1986 Ohio Atty.Gen.Ops. No. 2-175 at *3. Therefore, the Attorney General's opinion on which Powers relies is also clearly distinguishable from the case at bar.

{¶ 19} As stated previously, pursuant to former R.C. 2929.41(B)(3), "[a] sentence of imprisonment shall be served consecutively to any other sentence * * * [w]hen it is imposed for a new felony committed by a probationer, parolee, or escapee[.]" In turn, just as the trial court found, it is now well-established that former R.C. 2929.41(B)(3) is self-executing and automatically applies to impose consecutive sentences by operation of law. *See, e.g.*, *State v. Rhodes*, 7th Dist. No. 00 CA 160, 2001 WL 950685, *2 (Aug. 14, 2001) (concluding that former R.C. 2929.41(B)(3) "is self executing and does not require that the trial court specifically state that the new sentence be served consecutively with the old sentence(s)"); *State v. Steen*, 4th Dist. No. 93CA490, 1994 WL 322963, *8 (June 28, 1994) (finding "[a]lthough the judgment entry from Athens County did not explicitly make its sentence consecutive to those of Vinton and Ross Counties, the terms of R.C. 2929.41 are self-executing"); State *ex rel. Foster v. Ohio State Adult Parole Auth.*, 10th Dist. No. 91AP-1109, 1992 WL 193719, *2 (Aug. 6, 1992) ("[a]bsent a specific indication to the contrary by the trial court, sentences imposed for crimes committed by parolees are served consecutively with sentences upon which parole is subsequently revoked"). In other words, pursuant to former R.C. 2929.41(B)(3), "a person who is convicted of a felony while on parole," such as Powers here, "must serve the sentence for the present conviction consecutive to the sentences imposed by the convictions for which he is currently on parole." *State v. Druckenmiller*, 3rd Dist. No. 3-99-28, 2000 WL 228923, *2 (Mar. 1, 2000).

{¶ 20} "'[H]abeas corpus is proper in the criminal context only if the petitioner is entitled to immediate release from prison or some other physical confinement.'" *Keith v.*

*Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, ¶ 12, quoting *Scanlon v. Brunsman*, 112 Ohio St.3d 151, 2006-Ohio-6522, ¶ 4. As Powers' prison sentence has not yet expired, he has no inherent or constitutional right to his immediate release. *Hunt v. Sheldon*, 127 Ohio St.3d 14, 2010-Ohio-4991, ¶ 1. The trial court, therefore, did not err in dismissing Powers' petition for a writ of habeas corpus. Accordingly, Powers' single assignment of error is overruled.

**{¶ 21}** Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.