ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On February 16, 2005, relator Denver Barry, through counsel, commenced this procedendo action against the respondent, Judge June R. Galvin, to compel her to rule on various motions filed in Barry v.Rolfe, Cuyahoga County Court of Common Pleas, Juvenile Court Division, Case No. 00-702171. On March 16, 2005, the respondent, through the Cuyahoga County Prosecutor, filed a motion to dismiss. For the following reasons, we grant the motion to dismiss.
 {¶ 2} Initially, we note that Barry's petition for a writ of procedendo should be denied because it is improperly captioned. The application for a writ "must be by petition, in the name of the state on the relation of the person applying." The failure to caption an original action properly constitutes sufficient grounds for dismissing the petition. Allen v. Court of Common Pleas of Allen Cty. (1962),173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Judge Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 3} Additionally, Barry failed to comply with Loc.App.R. 45(B)(1)(a) which, requires that complaints in original actions be supported by an affidavit specifying the details of the claim. In his application, Barry merely avers that the statements and allegations set forth in the complaint are true and accurate to the best of his knowledge and belief. "This conclusory statement is not sufficient to satisfy the requirement of Loc.App.R. 45(B)(1)(a) that the affidavit supporting the complaint specify the details of the claim. `The absence of facts specifying the details of the claim required by Loc.App.R. 45(B)(1)(a) is a ground for dismissal.' State ex rel. Sansom v. Wilkinson, Cuyahoga App. No. 80743, 2002-Ohio-1385, at ¶ 7." State v. Sawyer, Cuyahoga App. No. 83682, 2004-Ohio-516, at ¶ 6.
 {¶ 4} Notwithstanding the above, procedendo is appropriate when a court has either refused to render judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Watkins v. Eighth District Court ofAppeals, 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. Moreover, procedendo is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be used in doubtful cases. Chokel v. Celebrezze (Dec. 19, 2000), Cuyahoga App. No. 78355.
 {¶ 5} After reviewing the petition, we find that Barry failed to demonstrate to this court that Judge Galvin has refused or has unnecessarily delayed proceeding to judgment. We agree with the prosecutor's claim that Barry is not alleging that Judge Galvin is refusing to rule on the subject motions. Rather, Barry is claiming that Judge Galvin has unnecessarily delayed her rulings. However, Barry's complaint does not identify with any particularity when these motions were filed nor how long they have been pending. Accordingly, this court is precluded from making any finding that Judge Galvin has unnecessarily delayed proceeding to judgment.
 {¶ 6} Accordingly, we grant the motion to dismiss the complaint seeking a procedendo. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
Dyke, P.J., Concurs Cooney, J., Concurs.