JOURNAL ENTRY AND OPINION
{¶ 1} On July 19, 2007, relator Jeffrey Goodwin filed a complaint in procedendo against Judge Daniel Gaul. In the complaint, Goodwin asks this court to order Gaul to rule on the various motions that he filed in the underlying matter of State v. Goodwin, Cuyahoga County Court of Common Pleas, Case Nos. 495213 and 496730. On July 27, 2007, Gaul, through the Cuyahoga County Prosecutor's office, filed a motion to dismiss complaint in procedendo. Thereafter, Goodwin filed a motion to strike defendant's motion to dismiss complaint in procedendo. For the following reasons, we grant Gaul's motion to dismiss.
 {¶ 2} Initially we find that Goodwin's complaint is defective because he failed to comply with R.C. 2969.25 which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State ex rel. Zanders v.Ohio Parole Board, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594;State ex rel. Alford v. Winters, 80 Ohio St.3d 285, 1997-Ohio-117,685 N.E.2d 1242.
 {¶ 3} Notwithstanding the above, procedendo is appropriate only when a court has either refused to render judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Watkins v. Eighth District Courtof Appeals, 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. Moreover, procedendo is an extraordinary remedy which is to be exercised with caution and only when the right is *Page 4 
clear. It should not be used in doubtful cases. Chokel v.Celebrezze (Dec. 19, 2000), Cuyahoga App. No. 78355.
 {¶ 4} In this matter, a review of the lower court dockets reveal that, in Case No. 495213, Goodwin's earliest motion was filed on May 15, 2007.[1] In Case No. 496730, Goodwin's earliest motion was filed on June 8, 2007.[2] Thus, at the time the procedendo action was filed, Goodwin's earliest motion was pending for approximately two months.
 {¶ 5} This court has consistently held that complaints in procedendo are premature when the time period to rule on motions has not exceeded 120 days as set forth by Sup.R. 40(A). State ex rel. Mayes v.Ambrose, Cuyahoga App. No. 88259, 2006-Ohio-3322; State ex rel.McDoughall v. Corrigan, Cuyahoga App. No. 80633, 2002-Ohio-327;State ex rel. Rodgers v. Cuyahoga County Court of Common Pleas (1992),83 Ohio App.3d 684, 615 N.E.2d 689. Consequently, we find that an inordinate amount of time has not elapsed in order for this court to grant Goodwin's complaint in procedendo. *Page 5 {¶ 6} Accordingly, we grant Gaul's motion to dismiss. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Complaint dismissed.
MARY EILEEN KILBANE, JUDGE
FRANK D. CELEBREZZE, JR., A.J., and MARY J. BOYLE, J., CONCUR
[1] Motion to Dismiss or Quash Indictment filed May 15, 2007; Motion to Permit Defendant to be Present at all Proceedings filed May 23, 2007; Motion to Disqualify Counsel filed June 11, 2007; and Motion to Strike State's Motion to Dismiss Defendant's Motion to be Present at all Proceedings filed June 12, 2007.
[2] Request for Stipulated Polygraph Test Pursuant to Current Ohio Law filed June 8, 2007; Motion to Remove Surplusage from Indictment Pursuant to Crim R. 7(C) filed June 8, 2007; Motion to Incorporate Crim.R. 43 and 22 into Trial Court Proceedings filed June 8, 2007; Request for Jury View filed June 26, 2007; and Motion to Proceed Propria Personum filed July 5, 2007. *Page 1