JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Darnell R. Smith, is the defendant in State v.Smith, Cuyahoga County Court of Common Pleas Case Nos. CR-443109, 437512 and 434529. The docket in Case No. CR-434529 reflects that a January 25, 2008 journal entry was "taken by" respondent, who is a judge of the court of common pleas. Relator requests that this court compel the court of common pleas "to proceed to judgment On petitioners motion for void judgment conviction relief; which has been pending within said court since December 18, 2008." Complaint, at 1 (Capitalization and punctuation in original.) For the reasons that follow, we dismiss this action sua sponte. *Page 3 
 {¶ 2} Smith filed this action on February 6, 2009, 50 days after the filing of his motion to vacate void judgment and convictions. "This court has consistently held that complaints in procedendo are premature when the time period to rule on motions has not exceeded 120 days as set forth by Sup. R. 40(A)." State ex rel. Goodwin v. Gaul, Cuyahoga App. No. 90162, 2007-Ohio-4294, at ¶ 5 (citations deleted). In Goodwin, this court granted the respondent's motion to dismiss because an inordinate amount of time had not elapsed. Similarly, in this case, the filing of this action is premature and fails to state a claim in procedendo.
 {¶ 3} Additionally, Loc. App. R. 45(B)(1)(a) requires that a relator support a complaint in an original action with an affidavit specifying the details of the claim. Attached to the complaint is Smith's affidavit, in which he merely avers that he has "personal knowledge of the facts stated in the foregoing Motion To Vacate Void Judgment and Conviction" [sic] and verifies "that the facts stated herein are True and Correct to the best of my knowledge and belief." Affidavit of Verity (capitalization in original).
 {¶ 4} In Barry v. Galvin, Cuyahoga App. No. 85990, 2005-Ohio-2324, the relator averred "that the statements and allegations set forth in the complaint are true and accurate to the best of his knowledge and belief. This conclusory statement is not sufficient to satisfy the requirement of Loc. App. R. 45(B)(1)(a) that the affidavit supporting the complaint specify the details of the claim. "The absence of facts specifying the details of the claim required by Loc. App. R. 45(B)(1)(a) is a ground for *Page 4 
dismissal." State ex rel. Sansom v. Wilkinson, Cuyahoga App. No. 80743, 2002 Ohio 1385, at ¶ 7.' State v. Sawyer, Cuyahoga App. No. 83682, 2004 Ohio 516, at ¶ 6." Id. at ¶ 3. In light of Barry, we must conclude that Smith's affidavit also fails to comply with the requirement of Loc. App. R. 45(B)(1)(a) that the affidavit supporting the complaint specify the details of the claim.
 {¶ 5} Although Smith has filed an affidavit listing the civil actions which he has filed within the last five years, he has otherwise failed to "comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This is also sufficient reason to deny the writ, deny indigency status, and assess costs against the petitioner. State ex rel. Pamer v. Collier,108 Ohio St.3d 492, 2006 Ohio 1507, 844 N.E.2d 842 and State ex rel. Hunter v.Cuyahoga County Court of Common Pleas, 88 Ohio St.3d 176, 2000 Ohio 285, 724 N.E.2d 420." James v. Callahan, Cuyahoga App. No. 89654,2007-Ohio-2237, at ¶ 4. In this action, we must conclude that Smith's failure to comply with R.C. 2969.25(C) requires that we deny relief in procedendo.
 {¶ 6} Accordingly, we dismiss Smith's action in procedendo sua sponte for failure to state a claim upon which relief can be granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
 Complaint dismissed. *Page 5 
 SEAN C. GALLAGHER, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR. *Page 1