[Cite as *Gaston v. Reid*, 2012-Ohio-2937.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98192**

# JOSEPH GASTON

PETITIONER

vs.

# ROBERT REID, SHERIFF

RESPONDENT

## JUDGMENT:
## PETITION DISMISSED

Writ of Habeas Corpus
Motion No. 454119
Order No. 455829

**RELEASE DATE:** June 27, 2012

**FOR PETITIONER**

Joseph Gaston
Inmate No. 0232528
Cuyahoga County Jail
P.O. Box 5600
Cleveland, Ohio 44101

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor
T. Allan Regas
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, J.:

{¶1} Joseph Gaston has filed a petition for a writ of habeas corpus. Gaston argues that his right to a speedy trial has been violated in *State v. Gaston*, Cuyahoga C.P. No. CR-555107. Specifically, Gaston argues that he has not been brought to trial within 270 days, as required by R.C. 2945.71(C)(2), which mandates his immediate release from the custody of the Cuyahoga County Sheriff, Robert Reid. Sheriff Reid has filed a motion to dismiss.[1] We grant the motion to dismiss for the following reasons.

{¶2} Gaston's petition for a writ of habeas corpus is procedurally defective for the following reasons:

{¶3} (1) petition fails to contain a sworn and notarized affidavit that complies with Loc.App.R. 45(B)(1)(a);

{¶4} (2) petition fails to contain a sworn and notarized affidavit of indigency;

{¶5} (3) petition fails to contain a statement that sets forth the balance in Gaston's inmate account for the preceding six months and/or all of the cash and things of value owned by Gaston, as required by R.C. 2969.25;

{¶6} (4) petition fails to contain a sworn and notarized affidavit that describes each civil action or appeal filed by Gaston within the previous five years in any state or federal court; and

---

[1] We shall only consider respondent's motion to dismiss based upon the claim that petitioner fails to state a claim upon which relief can be granted per Civ.R. 12(B)(6). Summary judgment per Civ.R. 56(C) is not appropriate.

{¶7} (5) petition fails to contain copies of all pertinent commitment papers as required by R.C. 2725.04(D).

{¶8} *See Tisdale v. Eberlin*, 114 Ohio St.3d 201, 2007-Ohio-3833, 870 N.E.2d 1191; *Chari v. Vore*, 91 Ohio St.3d 323, 2001-Ohio-49, 744 N.E.2d 763. *See also State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; *Martin v. Woods*, 121 Ohio St.3d 609, 2009-Ohio-1928, 906 N.E.2d 1113.

{¶9} It must also be noted that Gaston's petition fails to state a claim upon which relief can be granted. Habeas corpus is not available to challenge the denial of the right to a speedy trial. *Boles v. Knab*, 130 Ohio St.3d 339, 2011-Ohio-5049, 958 N.E.2d 554; *In re Jackson*, 36 Ohio St.3d 189, 522 N.E.2d 540 (1988).

{¶10} Accordingly, we grant Sheriff Reid's motion to dismiss. Gaston to pay costs. The court directs the clerk of court to serve notice of this judgment and its date of entry upon all parties as required by Civ.R. 58(B).

{¶11} Petition dismissed.

_____
MARY EILEEN KILBANE, JUDGE

PATRICIA A. BLACKMON, A.J., and
SEAN C. GALLAGHER, J., CONCUR