[Cite as *State ex rel. Marshall v. Cuyahoga Cty. Court of Common Pleas*, 2013-Ohio-705.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99114**

# STATE OF OHIO, EX REL., CHARLES L. MARSHALL

RELATOR

vs.

# CUYAHOGA COUNTY COURT OF COMMON PLEAS

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Mandamus
Motion No. 460958
Order No. 462195

**RELEASE DATE:**   February 27, 2013

**FOR RELATOR**

Charles L. Marshall, pro se
Inmate No. 369-138
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio 45036

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    James E. Moss
Assistant County Prosecutor
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

KENNETH A. ROCCO, J.:

{¶1} Charles L. Marshall, the relator, has filed a complaint for a writ of mandamus. Marshall seeks an order from this court that would require the Cuyahoga County Court of Common Pleas, the respondent, to issue rulings with regard to four motions as filed in *State v. Marshall*, Cuyahoga C.P. No. CR-349190-A. Specifically, Marshall seeks rulings with regard to the (1) motion to request a Crim.R. 52(B) evidentiary hearing, (2) motion for issuance of a subpoena for requested Crim.R. 52(B) evidentiary hearing, (3) motion for appointment of standby counsel, and (4) motion to disqualify counsel of record. For the following reasons, we grant the respondent's motion for summary judgment and decline to issue a writ of mandamus on behalf of Marshall.

{¶2} Initially, we find that Marshall's complaint for a writ of mandamus is procedurally defective. Loc.App.R. 45(B)(1)(a) mandates that a complaint for an extraordinary writ must be supported by a sworn affidavit that specifies the details of Marshall's claim. The failure of Marshall to comply with the supporting affidavit requirement of Loc.App.R. 45(B)(1)(a) requires the dismissal of the complaint for a writ of mandamus. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist. No. 92826, 2009-Ohio-1612*, aff'd*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402.

{¶3} Marshall has also failed to comply with R.C. 2969.25(C), which requires that an inmate, who files a complaint against a government entity or government employee,

must support the complaint with a statement that: (1) sets forth the balance in the inmate's account for the preceding six months, as certified by the institutional cashier; and (2) a statement that sets forth all other cash and items of value as owned by the inmate. The failure of Marshall to comply with R.C. 2969.25(C) warrants dismissal of his complaint for a writ of mandamus. *Martin v. Woods*, 121 Ohio St.3d 609, 2009-Ohio-1928, 906 N.E.2d 1113.

{¶4} It must also be noted that Marshall has failed to comply with R.C. 2969.25(A), which requires the attachment of an affidavit to the complaint for a writ of mandamus that describes each civil action or appeal filed within the previous five years in any state or federal court. *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242.

{¶5} Finally, Marshall's request for a writ of mandamus is moot. Attached to the respondent's motion for summary judgment is a copy of a judgment entry, as journalized on December 13, 2012, that demonstrates rulings have been issued with regard to the (1) motion to request a Crim.R. 52(B) evidentiary hearing, (2) motion for issuance of a subpoena for requested Crim.R. 52(B) evidentiary hearing, (3) motion for appointment of standby counsel, and (4) motion to disqualify counsel of record. Thus, Marshall is not entitled to a writ of mandamus. *Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723; *State ex rel. Gantt v. Coleman,* 6

Ohio St.3d 5, 450 N.E.2d 1163 (1983).

{¶6} Accordingly, we grant the respondent's motion for summary judgment. Marshall to pay costs. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶7} Writ denied.

_____
KENNETH A. ROCCO, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MELODY J. STEWART, A.J., CONCUR