[Cite as *State v. Diggs*, 2013-Ohio-1459.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99441

## STATE OF OHIO

RESPONDENT

vs.

## JERMAINE DIGGS

RELATOR

**JUDGMENT:**
WRIT DENIED

Writ of Mandamus
Motion No. 462239
Order No. 463494

**RELEASE DATE:** April 5, 2013

**FOR RELATOR**

Jermaine Diggs, pro se
Inmate No. 631-240
Marion Correctional Institution
P.O. Box 57
Marion, Ohio   43301


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    James E. Moss
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Jermaine Diggs has filed a complaint for a writ of mandamus. Diggs seeks an order from this court that requires Judge Shirley Strickland Saffold to render a ruling with regard to a motion for jail-time credit filed in *State v. Diggs*, Cuyahoga C.P. No. CR-554200. Judge Saffold has filed a motion for summary judgment, which we grant for the following reasons.

**{¶2}** Initially, we find that Diggs's complaint for a writ of mandamus is defective because it is improperly captioned. A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of Diggs to properly caption his complaint for a writ of mandamus warrants dismissal. R.C. 2731.04; *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382; *Gannon v. Gallagher*, 145 Ohio St. 170, 60 N.E.2d 666 (1945); *Dunning v. Cleary*, 8th Dist. No. 78763, 2001 Ohio App. LEXIS 79 (Jan. 11, 2001).

**{¶3}** Diggs has also failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that a complaint for a writ of mandamus must be supported by a sworn affidavit that specifies the details of his claim for relief. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. No. 92826, 2009-Ohio-1612; *State ex rel. Santos v. McDonnell*, 8th Dist. No. 90659, 2008-Ohio-214; *Turner v. Russo*, 8th Dist. No. 87852, 2006-Ohio-4490; *Barry v. Galvin*, 8th Dist. No. 85990, 2005-Ohio-2324.

**{¶4}** In addition, Diggs has failed to comply with R.C. 2969.25(A), which requires the attachment of an affidavit to the complaint for a writ of mandamus that describes each civil action or appeal filed within the previous five years in any state or federal court. *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242.

**{¶5}** Diggs has failed to comply with R.C. 2969.25(C), which requires that an inmate who files a complaint against a government entity or government employee must support the complaint with a statement that: 1) sets forth the balance in the inmate's account for the preceding six months, as certified by the institutional cashier; and 2) a statement that sets forth all other cash and items of value as owned by the inmate. The failure of Diggs to comply with R.C. 2969.25(C) warrants dismissal of his complaint for a writ of mandamus. *Martin v. Woods*, 121 Ohio St.3d 609, 2009-Ohio-1928, 906 N.E.2d 1113; *State ex rel. Marshall v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. No. 99114, 2013-Ohio-705; *Gaston v. Reid*, 8th Dist. No. 98192, 2012-Ohio-2937.

**{¶6}** Finally, Diggs's request for a writ of mandamus is moot. Attached to the motion for summary judgment is a copy of a journal entry journalized on January 25, 2013, which demonstrates that a ruling has been rendered with regard to the motion for jail-time credit. Thus, Diggs is not entitled to a writ of mandamus. *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723; *State ex rel. Gantt v. Coleman*, 6 Ohio St.3d 5, 450 N.E.2d 1163 (1983).

**{¶7}** Accordingly, we grant Judge Saffold's motion for summary judgment. Costs to Judge Saffold. Costs waived. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

**{¶8}** Writ denied.

EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
TIM McCORMACK, J., CONCUR