[Cite as *State ex rel. Woodard v. Ambrose*, 2013-Ohio-4049.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100083**

# STATE EX REL. RENO WOODARD

RELATOR

vs.

# CUYAHOGA COUNTY JUDGE AMBROSE

RESPONDENT

## JUDGMENT:
WRIT DENIED

Writ of Mandamus
Motion No. 466936
Order No. 467552

**RELEASE DATE:**    September 16, 2013

**FOR RELATOR**

Reno Woodard, Pro se
Inmate No. 461-073
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: James E. Moss
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Reno Woodard has filed a complaint for a writ of mandamus. Woodward seeks an order from this court, which requires Judge Dick Ambrose to conduct a hearing and render a ruling with regard to a "motion to correct illegal sentence" filed in *State v. Woodard*, Cuyahoga C.P. No. CR-100083. For the following reasons, we decline to issue a writ of mandamus on behalf of Woodard.

{¶2} Initially, we find that Woodard has failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that a complaint for a writ of mandamus must be supported by a sworn affidavit that specifies the details of his claim for relief. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. Cuyahoga No. 92826, 2009-Ohio-1612; *State ex rel. Santos v. McDonnell*, 8th Dist. Cuyahoga No. 90659, 2008-Ohio-214; *Turner v. Russo*, 8th Dist. Cuyahoga No. 87852, 2006-Ohio-4490; *Barry v. Galvin*, 8th Dist. Cuyahoga No. 85990, 2005-Ohio-2324.

{¶3} Woodard has also failed to comply with R.C. 2969.25(C), which requires that an inmate, who files a complaint against a government entity or government employee, must support the complaint with a statement that: 1) sets forth the balance in the inmate's account for the preceding six months, as certified by the institutional cashier; and 2) a statement that sets forth all other cash and items of value as owned by the inmate. The failure of Woodard to comply with R.C. 2969.25(C) warrants dismissal of his complaint for a writ of mandamus. *Martin v. Woods*, 121 Ohio St.3d 609, 2009-Ohio-1928, 906 N.E.2d 1113; *State ex rel. Marshall v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist.

Cuyahoga No. 99114, 2013-Ohio-705; *Gaston v. Reid*, 8th Dist. Cuyahoga No. 98192, 2012-Ohio-2937.

{¶4} Finally, Woodard's request for a writ of mandamus is moot. Attached to Judge Ambrose's motion for summary judgment is a copy of a journal entry (journalized on July 8, 2013), that demonstrates that a ruling has been rendered with regard to the motion to correct illegal sentence. Thus, Woodard is not entitled to a writ of mandamus. *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723; *State ex rel. Gantt v. Coleman*, 6 Ohio St.3d 5, 450 N.E.2d 1163 (1983). In addition, Woodard has failed to establish that there exists a duty, on the part of Judge Ambrose, to conduct a hearing with regard to Woodard's motion to correct illegal sentence.

{¶5} Accordingly, we grant Judge Ambrose's motion for summary judgment. Costs to Judge Ambrose. Costs waived. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶6} Writ denied.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR