**[Cite as *Walter v. State*, 2013-Ohio-4198.]**

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100091

---

## TERRANCE WALTER

RELATOR

vs.

## STATE OF OHIO

RESPONDENT

---

## JUDGMENT:
### WRIT DENIED

---

Writ of Procedendo
Motion No. 467071
Order No. 467936

**RELEASE DATE:**   September 25, 2013

**FOR RELATOR**

Terrance Walter
Inmate #531-346
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio 44430

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: James E. Moss
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Terrance Walter has filed a complaint for a writ of procedendo. Walter seeks an order from this court that would require the Cuyahoga County Court of Common Pleas to render a ruling with regard to a "motion to remove court costs/fines" filed in *State v. Walter*, Cuyahoga C.P. No. CR-485250. For the following reasons, we decline to issue a writ of procedendo.

**{¶2}** Initially, we find that Walter has failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that a complaint for a writ of procedendo must be supported by a sworn affidavit that specifies the details of his claim for relief. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. Cuyahoga No. 92826, 2009-Ohio-1612; *State ex rel. Santos v. McDonnell*, 8th Dist. Cuyahoga No. 90659, 2008-Ohio-214; *Turner v. Russo*, 8th Dist Cuyahoga No. 87852, 2006-Ohio-4490; *Barry v. Galvin*, 8th Dist. Cuyahoga No. 85990, 2005-Ohio-2324.

**{¶3}** Walter has also failed to comply with R.C. 2969.25(A), which requires the attachment of an affidavit to the complaint for a writ of procedendo that describes each civil action or appeal filed within the previous five years in any state or federal court. *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242.

**{¶4}** In addition, Walter has failed to comply with R.C. 2969.25(C), which requires that an inmate, who files a complaint against a government entity or government

employee, must support the complaint with a statement that: 1) sets forth the balance in the inmate's account for the preceding six months, as certified by the institutional cashier; and 2) a statement that sets forth all other cash and items of value as owned by the inmate. The failure of Walter to comply with R.C. 2969.25(C) warrants dismissal of his complaint for a writ of procedendo. *Martin v. Woods*, 121 Ohio St.3d 609, 2009-Ohio-1928, 906 N.E.2d 1113; *State ex rel. Marshall v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. Cuyahoga No. 99114, 2013-Ohio-705; *Gaston v. Reid*, 8th Dist. Cuyahoga No. 98192, 2012-Ohio-2937.

{¶5} Finally, Walter's request for a writ of procedendo is moot. A review of the docket, in *State v. Walter*, Cuyahoga C.P. Case No. CR-485250, demonstrates that the trial court denied the motion to remove court costs and fines on July 26, 2013. *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723; *State ex rel. Gantt v. Coleman*, 6 Ohio St.3d 5, 450 N.E.2d 1163 (1983).

{¶6} Accordingly, we decline to issue a writ of mandamus and grant the trial court's motion for summary judgment. Costs to trial court. Costs waived. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶7} Complaint denied.

_____
PATRICIA ANN BLACKMON, JUDGE

MELODY J. STEWART, A.J., and
EILEEN T. GALLAGHER, J., CONCUR