[Cite as *State ex rel. Jackson v. Villanueva*, 2013-Ohio-4196.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99909**

# STATE OF OHIO, EX REL., CLIFFORD D. JACKSON III

RELATOR

vs.

# JUDGE JOSE A. VILLANUEVA

RESPONDENT

## JUDGMENT:
WRIT DENIED

Writ of Mandamus
Motion No. 466046
Order No. 468013

**RELEASE DATE:** September 25, 2013

**FOR RELATOR**

Clifford D. Jackson, III, pro se
Inmate No. 642548
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio    44901

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: James E. Moss
Assistant County Prosecutor
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

KENNETH A. ROCCO, J.:

**{¶1}** Clifford D. Jackson III has filed a complaint for a writ of mandamus. Jackson seeks an order from this court, which requires Judge Jose A. Villanueva to render a "final appealable order" with regard to his motion for lack of speedy trial and other unspecified pretrial motions filed in *State v. Jackson III*, Cuyahoga C.P. No. CR-551409. Specifically, Jackson seeks to appeal the interlocutory orders rendered by Judge Villanueva in the underlying criminal action. For the following reasons, we decline to issue a writ of mandamus on behalf of Jackson and grant Judge Villanueva's motion for summary judgment.

**{¶2}** Initially, we find that Jackson has failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that a complaint for a writ of mandamus must be supported by a sworn affidavit that specifies the details of his claim for relief. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; *State ex rel. Santos v. McDonnell*, 8th Dist. Cuyahoga No. 90659, 2008-Ohio-214; *Turner v. Russo*, 8th Dist. Cuyahoga No. 87852, 2006-Ohio-4490; *Barry v. Galvin*, 8th Dist. Cuyahoga No. 85990, 2005-Ohio-2324.

**{¶3}** In addition, Jackson has failed to comply with R.C. 2969.25(A), which provides that an inmate who commences a civil action against a governmental entity or governmental employee must file an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any

state or federal court. Jackson has not attached an affidavit, mandated by R.C. 2969.25(A), to his complaint for a writ of mandamus. The failure of Jackson to comply with R.C. 2969.25(A) warrants dismissal of his complaint for a writ of mandamus. *Clarke v. McFaul*, 8th Dist. Cuyahoga No. 89447, 2007-Ohio-2520; *Turner v. Russo*, 8th Dist. Cuyahoga No. 87852, 2006-Ohio-4490.

{¶4} Jackson has also failed to comply with R.C. 2969.25(C), which requires that an inmate, who files a complaint against a government entity or government employee, must support the complaint with a statement that: 1) sets forth the balance in the inmate's account for the preceding six months, as certified by the institutional cashier; and 2) a statement that sets forth all other cash and items of value owned by the inmate. The failure of Jackson to comply with R.C. 2969.25(C) warrants dismissal of his complaint for a writ of mandamus. *Martin v. Woods*, 121 Ohio St.3d 609, 2009-Ohio-1928, 906 N.E.2d 1113; *State ex rel. Marshall v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. Cuyahoga No. 99114, 2013-Ohio-705; *Gaston v. Reid*, 8th Dist. Cuyahoga No. 98192, 2012-Ohio-2937.

{¶5} Finally, a review of the docket in *Jackson III*, *supra*, clearly demonstrates that Jackson, on July 18, 2013, filed an appeal from the conviction and sentence imposed by the trial court. The appeal, filed by Jackson, constitutes an adequate remedy at law through which it is possible to address any claimed errors of law associated with either the denial of his motion for speedy trial or other unspecified pretrial motions. *State ex rel. Hughley v. McMonagle*, 121 Ohio St.3d 536, 2009-Ohio-1703, 905 N.E.2d 1220.

{¶6} Accordingly, we grant Judge Villanueva's motion for summary judgment. Costs to Jackson.  The court directs the clerk of court to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶7} Writ denied.


_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR