[Cite as *State v. Tackett*, 2015-Ohio-3411.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2014-A-0038 and 2014-A-0042** |
| DALE L. TACKETT, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Ashtabula County Court of Common Pleas, Case No. 2011 CR 159.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Michelle M. French*, Law Offices of Michelle M. French, LLC, P.O. Box 293, Jefferson, OH 44047 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This is the second time this case is before us. We previously affirmed Tackett's conviction on two counts of operating a motor vehicle under the influence of alcohol with a specification for having more than five prior, similar convictions during a twenty-year period, but vacated his sentence and remanded for resentencing.

{¶2} On remand the trial court resentenced Tackett, and he subsequently filed two pro se notices of appeal, which were consolidated. Tackett was appointed

appellate counsel, who subsequently filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw as counsel. Counsel indicates that she can find no justiciable argument. Counsel identifies one issue for us to consider, i.e., "whether the trial court erred by improperly sentencing appellant." Appellant filed a pro se brief and asserts two proposed assignments of error:

{¶3} "Trial court committed plain error when the trial court resentenced appellant to mandatory terms of imprisonment on both the OVI offense and the specification to that count.

{¶4} "The trial court's sentence for the specification is contrary to law because such statutory provisions violates [sic] the Due Process and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and the Ohio Equal Protection Clause under Section 2, Article I of the Ohio Constitution."

{¶5} For the following reasons, we overrule his request for new counsel and affirm the trial court's judgment.

{¶6} Pursuant to *Anders*, we must thoroughly and independently review the record to determine that the trial court proceedings were free from prejudicial error and did not infringe appellant's constitutional rights. *Id.* at 744. If we find that any issue presented or any issue identified in our independent review is not wholly frivolous and is arguable on its merits, then we must appoint new appellate counsel. *Id.*; *State v. Temple*, 2d Dist. Clark No. 2012-CA-65, 2013-Ohio-3843, ¶13 quoting *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶7-8.

{¶7} Tackett's appeal filed June 24, 2014 appeals two judgment entries, namely the March 13, 2014 sentencing entry and the June 4, 2014 judgment entry

2

overruling his motion to vacate void judgment and sentence. A party wishing to appeal a decision must file the notice of appeal within 30 days from the date of that entry. App.R. 4. Tackett filed his notice from the March 13, 2014 entry more than two months late. Thus, Tackett's arguments arising directly from the trial court's March 13, 2014 sentencing entry are not properly before us because he did not timely appeal. Notwithstanding, our discussion pertaining to his arguments from the court's June 4, 2014 denial of his motion to vacate void judgment and sentence applies equally to the sentencing entry.

{¶8} Tackett timely appealed the trial court's June 4, 2014 decision overruling his motion to vacate void judgment and sentence. However, a review of his sentence on remand reflects that the trial court correctly applied our decision in resentencing him.

{¶9} Tackett argues that our prior decision is erroneous, unconstitutional, and conflicts with other appellate decisions. However, these issues are not subject to review based on the law of the case doctrine. Under this doctrine, "the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings at both the trial and reviewing levels." *Reighard v. Cleveland Elec. Illuminating Co.*, 11th Dist. Ashtabula No. 2008-A-0063, 2009-Ohio-2621, ¶67-69, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 11 Ohio B. 1, 462 N.E.2d 410 (1984). "Thus, the law of the case doctrine requires an inferior court to follow a superior court's ruling on an issue already decided by the appellate court in the context of *that case.*" (Emphasis sic.) *Foster v. City of Wickliffe*, 175 Ohio App.3d 526, 2007-Ohio-7132, 888 N.E.2d 422, ¶102 (11th Dist.) (Dissenting Opinion of J. Rice.)

{¶10} The doctrine is necessary to ensure finality and consistency in a case and to preserve the structure of the court system. *Nolan* at 3. Accordingly, the trial court is bound to apply the law as set forth in appellant's prior appeal, which directly addressed appellant's sentencing and that was not subsequently accepted for review by the Supreme Court. *State v. Tackett*, 137 Ohio St.3d 1476, 2014-Ohio-176, 2 N.E.3d 270. Tackett asks us to reconsider and reverse our prior decision governing his sentence, which we do not have the power to do because this power is reserved for the Ohio Supreme Court. *Reighard* at ¶78. In fact, he now relies on some of the same case law that he relied on in his first appeal. Accordingly, Tackett's request for new counsel to address the trial court's resentencing is overruled since the trial court correctly applied our opinion on remand.

{¶11} Tackett's second appeal filed June 27, 2014 arises solely from the June 4, 2014 judgment entry denying his motion for judicial release. This decision, however, is not subject to review because there is no right to appeal from a trial court's denial of judicial release. *State v. Rowbotham*, 7th Dist. Mahoning No. 12-MA-152, 2013-Ohio-2286, ¶14-15; *State v. Jennings*, 2d Dist. Montgomery No. 19287, 2002-Ohio-2585, ¶6 (holding that "the judicial release statute confers substantial discretion upon the trial court while simultaneously making no provision for appellate review when the court denies an inmate's motion.") Thus, we overrule Tackett's request for new counsel.

{¶12} Based on the foregoing and our independent review of the record and sentencing on remand, Tackett's appeals and proposed arguments lack arguable merit. Accordingly, Tackett's request for new appellate counsel is overruled, and the judgment of the Ashtabula County Court of Common Pleas is affirmed.