[Cite as *State v. Tackett*, 2016-Ohio-1157.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-A-0037** |
| DALE L. TACKETT, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2011 CR 159.

Judgment: Affirmed.

*Nicolas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Dale L. Tackett*, pro se, 2011 East Morgan Road, Jefferson, OH 44047. (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Dale L. Tackett, timely appeals the trial court's judgment entry overruling his motion to modify the jury's verdict. He asserts structural error in the jury verdict forms due to the omission of mandatory language. For the following reasons, we affirm.

{¶2} This is the third time the case has been before this court. We initially found error in the trial court's decision and remanded for resentencing. *State v. Tackett*,

11th Dist. Ashtabula No. 2012-A-0015, 2013-Ohio-4286. Following resentencing, Tackett filed two appeals that were consolidated. His appointed counsel filed a no-merit brief, and pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), the trial court's record was reviewed by this court to ensure that the proceedings were constitutionally sound and free from prejudicial error. So finding, the trial court's decision following resentencing was affirmed. *State v. Tackett*, 11th Dist. Ashtabula No. 2014-A-0038 & 2014-A-0042, 2015-Ohio-3411.

{¶3} In the meantime, appellant filed a pro se "Motion to Modify Juries [sic] Verdict Pursuant to R.C. 2945.79(D)," which the trial court denied. We collectively address appellant's arguments in his two assignments of error:

{¶4} "The trial court erred by overruling defendant's motion to modify verdict pursuant to Ohio Revised code 2945.79(D), when the jury verdict form violated Ohio Revised Code 2945.75(A)(2).

{¶5} "Trial court failed to consider the verdict forms as structural error and cannot be waived by the defendant or appellant when failed to object at trial [sic]."

{¶6} Appellant contends that the trial court failed to comply with R.C. 2945.75(A)(2), which states:

{¶2} "When the presence of one or more additional elements makes an offense one of more serious degree: * * * A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

2

**{¶7}** Appellant did not raise any claimed defect regarding the jury forms during the trial of his case. The state did, however, raise a concern with the jury verdict form, but the trial court found that the form satisfied the necessary requirements, explaining: "You either have to put in the degree of the offense or you have to clearly show that the jury made a separate finding on enhancing factor." It also concluded that appellant's jury verdict "does say as charged in Count two of the indictment and then, again, the jury is required to separately find as to Count two whether or not the State has proved that he was convicted of the prior offenses * * *."

**{¶8}** Appellant likewise did not raise this issue in his initial appeal or in his appeals following resentencing. Thus, this argument is barred by res judicata.

**{¶9}** The doctrine of res judicata provides that a final judgment of conviction bars the "defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967); *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶16.

**{¶10}** In *State v. Pesci*, 11th Dist. Lake No. 2011-L-057, 2011-Ohio-6211, ¶24, we specifically held that "where the appellant filed and argued a direct appeal but did not raise any arguments * * * related to the inadequacy of the jury verdict form, res judicata applies to subsequent appeals." *Id.*; *State v. Miller*, 5th Dist. Stark No. 2011-CA-00074, 2011-Ohio-3039, ¶21-23 (holding that res judicata bars appellant from raising errors under R.C. 2945.75 after a direct appeal.) Thus, because appellant could

have raised this jury verdict issue in his direct appeals, res judicata precludes us from addressing it now.

{¶3}   Notwithstanding, the jury verdicts in appellant's case comply with R.C. 2945.75(A)(2) since each included the additional findings establishing the specification that appellant "was previously convicted of five or more offenses of Operating a Vehicle While Under the Influence of Alcohol, within twenty years of this offense."   R.C. 4511.19; *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, ¶13.

{¶11}   Accordingly, appellant's assignments of error lack merit, and the judgment of the Ashtabula County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.