[Cite as *State v. Turner*, 2020-Ohio-4696.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **PER CURIAM OPINION** |
| Respondent, | : | |
| - vs - | : | **CASE NO. 2020-L-066** |
| JOHN LOUIS TURNER, JR., | : | |
| Relator. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Charles E. Coulson,* Lake County Prosecutor, and *Eric A. Condon,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

*John Louis Turner, Jr.,* pro se*,* PID: A673-787, Pickaway Correctional Institution, 11781 State Route 762, P.O. Box 209, Orient, OH 43146 (Relator).

PER CURIAM.

{¶1} The instant petition for writ of mandamus is before this court for consideration of the motion to dismiss, filed by respondent, the State of Ohio, represented by Charles E. Coulson, the Lake County Prosecuting Attorney. Relator, John Louis Turner, Jr., requests this court to grant him judicial release. For the reasons that follow, we dismiss the petition.

{¶2} "[D]ismissal of a mandamus complaint under Civ.R. 12(B)(6) * * * is appropriate only if it 'appear[s] beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor.'" *State ex rel. Peoples v. Schneider*, 159 Ohio St.3d 360, 2020-Ohio-1071, ¶6, citing *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, ¶4.

{¶3} We first point out that relator's petition essentially requests release from prison, "but habeas corpus, rather than mandamus * * *, is the proper action to seek this type of relief." *State ex rel. Nelson v. Griffin*, 103 Ohio St.3d 167, 2004-Ohio-4754, ¶5 citing *State ex rel. Akbar-El v. Cuyahoga Cty. Court of Common Pleas*, 94 Ohio St.3d 210, 210-211 (2002); *State ex rel. Key v. Spicer*, 91 Ohio St.3d 469, 470 (2001).

{¶4} Further, R.C. 2731.04 provides, in part, that an "[a]pplication for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit."

{¶5} A court may dismiss a petition for an extraordinary writ when it is improperly captioned. *Hill v. Kelly,* 11th Dist. Trumbull No.2011-T-0094, 2011-Ohio-6341, ¶4, citing *Maloney v. Court of Common Pleas of Allen Cty.,* 173 Ohio St. 226, 227 (1962). "'The failure to caption an original action properly constitutes sufficient grounds for dismissing the petition.'" *Turner v. Kelly*, 11th Dist. Lake No. 2015-L-050, 2015-Ohio-3414, ¶5 quoting *Barry v. Galvin,* 8th Dist. Cuyahoga No. 85990, 2005-Ohio-2324, ¶2. The caption of relator's petition does not indicate that the request is made in the name of the state on the relation of Turner. Instead, the petition was filed by Turner in his

2

individual capacity. For this reason alone, relator's petition for a writ of mandamus must be dismissed.

{¶6} Moreover, and despite the foregoing fatal defects, relator's claims do not warrant relief in mandamus. To be entitled to a writ of mandamus, relator must establish that (1) he has a clear legal right to the relief requested, (2) respondent is under a clear legal duty to perform the requested acts, and (3) relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Rankin v. Adult Parole Auth.,* 98 Ohio St.3d 476, 2003-Ohio-2061, ¶6

{¶7} The relief relator seeks in mandamus judicial release. His first basis for his request is premised upon the current COVID-19 pandemic; he maintains that because the crimes for which he is incarcerated are non-violent, he should be granted judicial release pursuant to R.C. 2929.20(B). Pursuant to R.C. 2929.20(B), an "eligible offender" may file a motion for judicial release *with the sentencing court*. Because relator has an adequate remedy at law by filing a pleading with the trial court, he fails to state a claim in mandamus upon which relief can be granted.

{¶8} It is worth pointing out that relator had previously filed two motions for judicial release with the trial court, each of which were denied on May 1, 2020. A denial of a motion for judicial release is not a final, appealable order. *See State v. Tackett,* 11th Dist. Ashtabula Nos. 2014-A-0038 and 2014-A-0042, 2015-Ohio-3411, ¶11; *see also State v. Reaver,* 2d Dist. Champaign No. 17 CA 002, 2017-Ohio-2685, ¶3; *State v. Ingram,* 10th Dist. Franklin No. 03AP-149, 2003-Ohio-5380, ¶6-7. In this regard, relator did not have an adequate remedy via direct appeal to this court. Still, pursuant to R.C. 2929.20(D), an eligible offender may re-file a motion for judicial release so long as (1) it

meets the applicable time periods, set forth in the statute, and (2) the trial court did not deny the previous motion(s) with prejudice The trial court denied relator's previous motions without prejudice; hence, to the extent he is an eligible offender and the subsequent motion meets statutory time requirements, it would appear relator still possesses an adequate remedy via statute.

{¶9} Next, relator argues that he is entitled to judicial release based upon his claim that respondent violated UCC 1-202(A) and UCC 1-308. These provisions of the Uniform Commercial Code are captioned "Notice; Knowledge," and "Performance or Acceptance Under Reservation of Rights," respectively. The UCC contemplates, addresses, and governs specific commercial transactions. There is no indication relator and respondent were engaged in any commercial activities. Indeed, the underlying case involves a state criminal prosecution controlled by the Ohio Rules of Criminal Procedure and other relevant statutory provisions under R.C. Chapter 29. Relator has no clear legal right under the UCC to be eligible for judicial release and respondent has no corresponding duty to act under the UCC. In these respects, relator also fails to state a claim in mandamus upon which relief can be granted.

{¶10} In light of the procedural defects as well as relator's failure to state a claim, respondent's motion to dismiss, pursuant to Civ.R. 12(B)(6), is hereby granted. Relator's petition for writ of mandamus is dismissed.

TIMOTHY P. CANNON, P.J., CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur.

4